FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUL 10 PM 12:10
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

VASHAUN JONES,

    Plaintiff,

v.

CASE NO. CV417-228

SAVANNAH FEDERAL CREDIT UNION,

    Defendant.

## O R D E R

Before the Court are Defendant's First Motion Dismiss (Doc. 11), Second Motion to Dismiss (Doc. 17), and Motion for Judicial Notice (Doc. 23). After careful consideration, Defendant's First Motion to Dismiss is **DISMISSED AS MOOT**. Defendant's Second Motion to Dismiss and Motion for Judicial Notice are **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

### BACKGROUND

This case arises out of Plaintiff Vashaun Jones's attempted use of Defendant Savannah Federal Credit Union's website. (Doc. 1.) According to the complaint, Plaintiff is permanently blind and uses screen reading software to access the internet. (Id. ¶ 2.) At some point, Plaintiff attempted to access Defendant's website, but was unable to fully utilize the website because it was improperly designed. (Id.) Plaintiff cites three specific

flaws in Defendant's website design: (1) linked images with missing alternative text; (2) redundant or empty links that make navigation of the website difficult; and (3) empty or missing form labels. (Id. ¶ 18.) Plaintiff contends that these barriers prevented him from adequately researching Defendant's services and location. (Id. ¶¶ 19, 20.)

On November 20, 2017, Plaintiff filed suit alleging negligence and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq. (Id. ¶¶ 22, 29.) Plaintiff requested damages, attorneys' fees, costs, and injunctive relief. (Id. at 17-8.) On January 12, 2018, Defendant filed a motion to dismiss seeking dismissal of Plaintiff's ADA and state law negligence claims. (Doc. 11.) In response, Plaintiff filed an amended complaint. (Doc. 16.) In the amended complaint, Plaintiff abandons his negligence claim and request for damages. (Id.) Plaintiff, however, reasserts his ADA claim, and request for injunctive relief, attorneys' fees, and costs. (Id.)

On February 8, 2018, Defendant filed a Second Motion to Dismiss.[1] (Doc. 17.) In this motion, Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff has no standing to file suit. (Id. at 3-7.) In Defendant's view, Plaintiff has not properly alleged that he has suffered an

---

[1] Because Plaintiff has filed an amended complaint and Defendant has responded with its Second Motion to Dismiss, Defendant's First Motion to Dismiss (Doc. 11) is **DISMISSED AS MOOT**.

actual injury in this case. (Id.) Defendant also contends that even if Plaintiff does have standing, Plaintiff's claim fails because Defendant's website is not a public accommodation subject to the ADA. (Id. at 7-11.) Alternatively, Defendant reasons that even if its website is subject to the ADA, Plaintiff has not alleged that Defendant's website actually violates the ADA. (Id. at 12-15.)

In response, Plaintiff argues that he has standing to file suit in this case because he was injured when he was unable to browse Defendant's website for information about services and location. (Doc. 20 at 3-10.) Plaintiff further argues that the website is governed by the ADA and that he has sufficiently alleged enough facts to raise a plausible claim that Defendant's website violates the ADA. (Id. at 10-20.)

After the briefing was completed on Defendant's Second Motion to Dismiss, Defendant filed a Motion for Judicial Notice. (Doc. 23.) In that motion, Defendant requests that the Court take notice of a complaint Plaintiff filed in a similar case in the Northern District of Georgia. (Id.) Defendant asserts that Plaintiff's admission in that complaint bolsters its argument that Plaintiff does not have standing to bring this suit. (Id.) Because Defendant contends that its Motion for Judicial Notice is relevant to its argument that Plaintiff does not have standing in this case, the Court will first consider Defendant's

3

Motion for Judicial Notice. The Court will then consider the merits of Defendant's Second Motion to Dismiss.

**ANALYSIS**

I. <u>MOTION FOR JUDICIAL NOTICE</u>

In Defendant's Motion for Judicial Notice, Defendant requests that the Court take judicial notice of a complaint Plaintiff filed in the Northern District of Georgia. (Doc. 23.) In that complaint, Plaintiff provided that "he lives and works in the city of Ellenwood, Georgia, which is in Clayton County, Georgia." See <u>Jones v. Delta Cmty. Credit Union</u>, No. 1-18-cv-01072-MLB (N.D. Ga. Mar. 12, 2018). Defendant argues that this admission is relevant to whether or not Plaintiff has standing to file this suit. (Doc. 23.)

Pursuant to Federal Rule of Evidence 201(b), a district court may take judicial notice of public records that are "not subject to reasonable dispute." <u>See also</u> <u>Universal Express, Inc. v. U.S. Sec. and Exch. Comm'n</u>, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."). In this case, the Court has reviewed the public record that contains Plaintiff's admission. (<u>See</u> Doc. 23, Ex. A.) At this time, Plaintiff has neither challenged Defendant's request for judicial notice nor provided any cause to doubt the validity of his admission. As a result, the Court finds that it is appropriate to take judicial notice

4

of Plaintiff's admission. See also Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (finding that a district court properly took notice of the plaintiff's filings in a previous case). Accordingly, Defendant's motion is **GRANTED**.

II. SECOND MOTION TO DISMISS

In its Second Motion to Dismiss, Defendant makes several arguments that Plaintiff's complaint should be dismissed. (Doc. 17.) Although several of Defendant's arguments relate to whether or not Plaintiff has properly stated a claim for relief under the ADA, this Court must first consider Defendant's contention that Plaintiff does not have standing to bring this suit. Only after finding that Plaintiff has standing to bring this suit would the Court be permitted to consider the merits of Defendant's other arguments. For the following reasons, however, the Court finds that Plaintiff has failed to sufficiently allege that he has standing to bring this action.

According to the Constitution of the United States, the jurisdiction of federal courts is limited to "cases" and "controversies." U.S. Const. art. III, § 1; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). " 'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.' " Clapper v. Amnesty Intern. U.S.A., 568 U.S. 398, 408 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). Over time,

the Supreme Court of the United States has identified three requirements that make up an "irreducible constitutional minimum" parties must show in order to establish standing. Lujan, 504 U.S. at 560. According to the Supreme Court, a plaintiff has proper standing to bring suit only if the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc., v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Lujan, 504 U.S. at 560-61). "Where . . . a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." Id.

In this case, Defendant contends that Plaintiff has failed to allege an actual injury that could be remedied by a favorable judicial decision. (Doc. 17 at 4-7.) Defendant's argument hinges on its contention that Plaintiff has not alleged in his complaint that he is even eligible for services at Defendant's credit union. (Id.) In fact, Defendant argues that based on Plaintiff's admission that he lives in Ellenwood, Georgia, Plaintiff is actually ineligible for Defendant's services. (Id.) As a result, Defendant contends there is no injury in this case because Plaintiff's complaint lacks any allegation that he would be eligible for services even absent the alleged deficiencies in

Defendant's website. (Id.) After careful consideration, the Court does not agree with Defendant's position.

As a starting point, it is true that Georgia law mandates that state-chartered credit unions offer services to individuals that qualify within a "field of membership" defined by certain criteria specific to each established credit union. O.C.G.A. § 7-1-630(a)(6). Here, Defendant's field of membership is limited to federal government employees, contract laborers for the federal government, and certain faculty and staff members at various schools and businesses located in Chatham, Bryan, Effingham, and Liberty Counties in Georgia, and Jasper and Hampton counties in South Carolina. (Doc. 17, Attach. 2 at 3.) Eligible family members of individuals meeting these requirements also qualify for membership at Defendant's credit union. (Id.)

In this case, Plaintiff has not alleged that he is eligible for services within Defendant's exclusive field of membership. (See Doc. 16.) At best, Plaintiff provided in his briefing that he is eligible for services because he does "contract labor for the Federal Government." (Doc. 20 at 2.) Plaintiff, however, has never alleged that he lives in any of the listed counties mandated by Defendant's field of membership or that he is a family member of anyone eligible for services. As a result, it does appear that Plaintiff's complaint fails to sufficiently

7

allege that he qualifies for services within Defendant's field of membership.

In this case, however, the Court does not need to determine whether Plaintiff's membership eligibility affects his ability to allege an injury in this case. Instead, the Court rejects Defendant's argument for an entirely different reason. The Court, at this time, cannot discern whether all of Defendant's services are only available if Plaintiff is a member or eligible for membership at Defendant's credit union. Plaintiff may be eligible for some limited services at Defendant's credit union that do not require membership. While the parties have not fully addressed this issue, the Court pauses to dismiss Plaintiff's claims that he has been unable to fully access Defendant's services when there is no indication from the pleadings or the briefing in this case that all of Defendant's services are <u>solely</u> limited to members.

While the Court rejects Defendant's argument that Plaintiff cannot establish an injury simply because he has not alleged that he is eligible for membership at the credit union, Plaintiff still must actually allege an injury to establish his standing to bring this action. Upon further review of Plaintiff's complaint, the Court finds that Plaintiff has not met this burden. In the Court's view, Plaintiff has failed to allege a sufficient injury in this case for two reasons.

8

First, Plaintiff has not alleged a concrete injury in this case. In order to properly allege an injury, a plaintiff must allege an injury that is "actual or imminent, not conjectural or hypothetical" and "concrete and particularized." Lujan, 504 U.S. at 560. The Supreme Court has emphasized the importance of determining whether an injury meets each of these specific requirements—including that the injury is concrete. Spokeo, 136 S. Ct. at 1548. According to the Supreme Court, "a concrete injury must be 'de facto;' that is, it must actually exist." Id.

On this point, the Supreme Court's decision in Spokeo is illustrative. In Spokeo, the Supreme Court reviewed whether a plaintiff had standing to bring suit under the Fair Credit Reporting Act of 1970 ("FCRA") after the defendant's online database disseminated incorrect information about the plaintiff. Id. at 1544. In concluding that the lower court had not properly considered whether the plaintiff's injury was concrete, the Supreme Court instructed the lower court not only to consider whether Plaintiff had alleged a procedural violation of the FCRA, but also whether the alleged FCRA violation actually caused any harm to the plaintiff. Id. at 1550 ("In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an

incorrect zip code, without more, could work any concrete harm.").

In this case, Plaintiff has alleged that he has been injured because he was prevented from researching information about Defendant's various services and location. (Doc. 16 ¶¶ 19, 20.) At no point, however, has Plaintiff made any specific allegation that he has actually been harmed by the inability to research information about Defendant's services and location. Plaintiff has made no allegation that there was a service he intended to use, but was unable to use as a result of the barriers on Defendant's website. Also, Plaintiff not made any specific allegation of an attempt or need to visit Defendant's location. At this point, Plaintiff has not shown a concrete harm that he has suffered due to barriers on Defendant's website. Without additional allegations detailing a concrete harm that Plaintiff has suffered in this case, Plaintiff is unable to establish that he has standing to bring this suit.

In an attempt to convince this Court to the contrary, Plaintiff relies on only one case from the Eleventh Circuit, <u>Gil v. Winn-Dixie Stores, Inc.</u>, 257 F. Supp. 3d 1340 (S.D. Fla. 2017). In <u>Gil</u>, a blind patron of a grocery store brought suit claiming that a grocery store's website violated the ADA. <u>Id.</u> at 1342. The plaintiff alleged that barriers on the defendant's website prevented him from ordering prescriptions online and

locating coupons to use while shopping. Id. at 1344. The plaintiff also alleged that he planned to return to defendant's physical location once he was able to use the website services. Id. at 1347-48. The district court ultimately concluded that the plaintiff had standing to sue based on the alleged improper design of the store's website. Id. at 1348.

The facts in Gil, however, are materially different from the allegations presently before the Court. In Gil, the plaintiff provided specific allegations that demonstrated he suffered a concrete harm—the inability to access online prescription and coupon services—by being unable to access the defendant's website. In this case, however, Plaintiff has failed to provide any specific allegations that he actually intends to use Defendant's services or visit Defendant's physical location. Plaintiff's allegation that he has been harmed because he has not been able to browse Defendant's services and location is simply insufficient to show that Plaintiff has actually been harmed by the alleged accessibility barriers on Defendant's website.

Not only has Plaintiff failed to allege an actual injury in this case, Plaintiff's complaint also fails because he has not alleged that he will suffer any actual ongoing or future harm. When seeking injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy

11

regarding injunctive relief if unaccompanied by any continuing present adverse effects." Lujan, 504 U.S. at 564. Instead, a plaintiff seeking injunctive relief must allege a future injury that is "actual or imminent." Id. at 565. In Lujan, plaintiffs brought suit challenging certain changes to regulations governing the implementation of the Endangered Species Act. Id. at 557-58. In their complaint, the plaintiffs alleged that they had standing to file suit because they had future plans to visit the locations to be affected by the regulation changes. Id. at 563. The Supreme Court determined that the plaintiffs' vague professions of the intent to visit the locations were insufficient because the plaintiffs' allegations lacked specificity. Id. at 564 ("Such some day intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the actual or imminent injury that our cases require." (internal quotations omitted)).

In this case, Plaintiff's allegations of any future injury are also vague and lack the specificity required by Lujan. At best, Plaintiff has only alleged that he was denied access to information about Defendant's services and location, and thereby deterred from visiting Defendant's location. Plaintiff, however, has not alleged any specific future intent to use Defendant's services or visit Defendant's physical location. Without any

12

specific indication of plans to visit the location or use Defendant's services, Plaintiff's allegations fall short of the Court's mandate in Lujan.

Moreover, given Plaintiff's admission that he lives in Ellenwood, Georgia, the Court is skeptical of Plaintiff's actual intent to utilize Defendant's services or visit Defendant's physical location.[2] Based on his own admission, Plaintiff does not live near Defendant's physical location and may be ineligible for many of Defendant's services. If Plaintiff cannot show that he is likely to suffer an actual future harm, Plaintiff cannot show that he has standing to seek injunctive relief. See, e.g., Lamb v. Charlotte Cty., 429 F. Supp. 2d 1302, 1307 (M.D. Fla. 2006) (finding that a disabled plaintiff lacked standing to bring an ADA claim where the plaintiff had infrequent contact with the defendant's location, lived over 75 miles from defendant's location, and had no specific plans to return to defendant's location).

For these reasons, the Court finds that Plaintiff has failed to properly allege that he has standing to bring this suit. Plaintiff's vague allegations that he has been denied the ability to browse Defendant's services and location are

---

[2] The Court is permitted to consider this information at this stage in the proceedings. See Universal Express, 177 F. App'x at 53 (stating that a district court may take judicial notice of a complaint filed in another case without converting a motion to dismiss into a motion for summary judgment).

13

insufficient to show that Plaintiff has suffered a concrete injury that warrants injunctive relief. As a result, Plaintiff's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's First Motion to Dismiss (Doc. 11) is **DISMISSED AS MOOT**. Defendant's Second Motion to Dismiss (Doc. 17) and Motion for Judicial Notice (Doc. 23) are **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 10th day of July 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA